UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM PETERSON                                                             PLAINTIFF

v.                                             CIVIL ACTION NO. 3:09CV-711-S

STEVEN SUNDERMAN, et al.                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Jerry Wallace, for change of venue to the United States District Court for the Eastern District of Kentucky at Covington pursuant to 28 U.S.C. § 1404(a). This motion (DN 67 in Civil Action No. 3:09CV-874-H) was filed prior to transfer of this action to this judge and consolidation into the senior related action, Civil Action No. 3:09CV-711-S. No motion for change of venue was filed by defendant Sunderman nor has he joined in Wallace's motion.

In this consolidated action, the plaintiff, William Peterson, alleges that he was the victim of a real estate investment scam perpetrated by Wallace, Steven Sunderman, and an entity known as Creative Real Estate.Net. Peterson is a resident of Minnesota, Sunderman is a resident of Ohio, and Wallace is a resident of Taylor Mill, in the Eastern District of Kentucky.[1] Creative Real Estate.Net is a Nevada corporation but has no identified principal place of business. It is, however, allegedly owned and controlled solely by Wallace. Am. Compl. ¶ 4.

The Amended Complaint alleges diversity jurisdiction, and states that

> This court has personal jurisdiction over the Defendants because Defendants, acting individually and in concert with others, committed intentional and tortious acts of fraud within this judicial district, some of which relate to real property located within this district.

---

[1] The Verified Amended and Consolidated Complaint ("Am. Compl.") states that Wallace resides in Taylor, Kentucky. ¶ 3. This appears to be a typographical error.

> Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

Am. Compl. ¶¶ 5-7.

Face-to-face transactions are said to have taken place in both the Eastern and Western Districts of Kentucky. Business was conducted via telephone, mail, and wire media as well. Peterson notes that the parties visited the Doe Valley property in the Western District on one occasion where the fraudulent "Doe Valley joint venture" was presented and negotiated. Thus Peterson urges that the action was properly brought against all defendants here. However, the Doe Valley real estate was never purchased. In fact, all of other events allegedly occurred in locations other than the Western District.

The first fraud alleged in the Amended Complaint involves property located in Alexandria, Kenton County, Kentucky. This was a real estate transaction which apparently resulted in a transfer of real estate to Peterson and the creation of a mortgage obligation thereon. Peterson claims that he is still obligated on that mortgage. Peterson contends that the property was overvalued through a fraudulent appraisal and concealment at sale of structural problems with the dwelling. Peterson also contends he was defrauded in connection with a property located in Erlanger, Kentucky. The parties had a number of meetings at the law office of Rich Gangwich in the Eastern District. Title documents were generated there. The Settlement Agreement by which Wallace and Peterson attempted to resolve the matters in issue was executed by Wallace in the Eastern District. No contact was had with the Western District other than for the purpose of visiting Doe Valley.

Deference is accorded the plaintiff's choice of forum. However, § 1404(a) transfers are made in circumstances such as this one where there is little, if any, connection with the chosen forum, and where the convenience of parties and witnesses would be served by transferring the case. Wallace lives in the Eastern District, while Sunderman lives a short distance away. Creative Real Estate.Net apparently has no other existence except through its sole representative, Wallace. Two

parcels of real estate in issue are located in the Eastern District as are the attorneys who allegedly assisted with the transfers. Witnesses and documents thus will be located in the Eastern District. Significantly, Peterson is a resident of Minnesota and will have to travel to *either* district in Kentucky. As there was no real estate purchase in the Western District because the "Doe Valley joint venture" was allegedly a complete fabrication, and no party or related entity appears to reside here, the court finds that the interest of justice would be served by transfer to the Eastern District for the convenience of the parties and witnesses, and access to proof.

Therefore, for the reasons stated herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Jerry Wallace, for transfer of this action (DN 67) is **GRANTED** and this actions is **TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY AT COVINGTON FOR ALL FURTHER PROCEEDINGS.**

There being no just reason for delay in its entry, this is a final order.

**IT IS SO ORDERED.**
